Filed 11/8/13  P. v. Pagaduan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR COPUZ PAGADUAN, JR.,<br><br>    Defendant and Appellant. | H039308<br>(Santa Clara County<br>Super. Ct. No. C1231232) |

## I.  INTRODUCTION

Defendant Arthur Copuz Pagaduan, Jr. pleaded guilty to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1]  The trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions.  Relevant to this appeal, one of the probation conditions prohibits defendant from possessing or consuming alcohol, and from going to places where alcohol is the primary item of sale.

On appeal, defendant contends that the alcohol-related probation condition is unconstitutionally vague and/or overbroad because it does not expressly include a knowledge requirement.

---

[1] Further unspecified statutory references are to the Penal Code.

1

For reasons that we will explain, we will modify the judgment relating to the challenged condition of probation and affirm the judgment as so modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 6, 2012, at about 12:50 a.m., officers responded to a restaurant where a fight had reportedly broken out. Security officers were escorting people out of the restaurant. Defendant wrestled with a security officer and was then handcuffed. As he was being escorted outside, defendant kicked another security officer in the face.

Defendant was subsequently charged with committing assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and he pleaded guilty to that charge on November 26, 2012.

In the probation report, the probation officer recommended the court impose the following condition of probation: "The defendant shall not possess or consume alcohol or illegal substances or knowingly go to places where alcohol is the primary item of sale."

At the January 23, 2013 sentencing hearing, the trial court orally pronounced the conditions of probation, which included one based on the above recommendation. The court stated: "You shall not possess or consume any alcohol or illegal substances or go to anyplace [*sic*] where alcohol is a primary item of sale . . . ."[3]

---

[2] As defendant was convicted by plea, the summary of his offense is taken from the probation report, which was based on a report by the Milpitas Police Department.

[3] We acknowledge that the probation condition in the probation report is not verbatim to the probation condition orally stated by the court. Since the probation report does not appear to be incorporated into the judgment, we will rely on the trial court's oral pronouncement as reflecting the probation condition imposed on defendant. (See *People v. Freitas* (2009) 179 Cal.App.4th 747, 752, fn. 2 (*Freitas*) [when there is a conflict between the oral pronouncement and the written order, we determine the terms of the controlling order based on a "consideration of the circumstances of each case"].)

# III. DISCUSSION

Defendant challenges the alcohol-related probation condition on the ground that the condition is unconstitutionally vague and/or overbroad because it does not include a knowledge requirement. Defendant contends that he "could conceivably be found in violation of his probation if he is driving a car, and unbeknownst to him, a passenger is carrying alcohol, or a bottle of alcohol has been left in the car by someone else."

## A. Forfeiture

Before turning to the substance of defendant's constitutional claim, we first consider whether the claim has been forfeited by his failure to raise it below. Our Supreme Court has determined that the forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 (*Sheena K.*); see also *People v. Leon* (2010) 181 Cal.App.4th 943, 949 (*Leon*).) In this case, we will consider the substance of defendant's claim to the extent it presents pure questions of law without reference to the sentencing record.

## B. Analysis

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; *Leon*, *supra*, 181 Cal.App.4th at pp. 948-949.) In addition, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*Sheena K.*, *supra*, at p. 890; *Leon*, *supra*, at p. 949; *Freitas, supra,* 179 Cal.App.4th at p. 750.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing

arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.]" (*Sheena K.*, *supra*, at p. 890.) In order to be sufficiently precise for the probationer to know what is required of him or her, a requirement of knowledge should be included in probation conditions prohibiting the possession of specified items. (*Freitas*, *supra*, at pp. 751-752.) "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of [the prohibited items]." (*Id.* at p. 752.)

The Attorney General contends that the challenged probation condition "is not constitutionally infirm because a knowledge requirement is implicit in the condition." The Attorney General points out that a probation violation must be willful. As explained by the court in *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295: "A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' [Citation.] Where a probationer is unable to comply with a probation condition because of circumstances beyond his or her control and defendant's conduct was not contumacious, revoking probation and imposing a prison term are reversible error. [Citation.]"

The Attorney General also acknowledges that "the decisions are in conflict" regarding whether "a knowledge requirement is properly implied in a no-alcohol probation condition even when not expressly stated." For instance, in *People v. Patel* (2011) 196 Cal.App.4th 956, 960, the Third District Court of Appeal modified a no-alcohol probation condition to include a knowledge requirement, although it stated that it would construe all future probation conditions proscribing possession to include such a requirement such that it would not be necessary to request modification of such conditions in that court.

In *Sheena K.*, the California Supreme Court considered the constitutionality of a probation condition forbidding the juvenile offender from associating with " 'anyone disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)  The California Supreme Court concluded that the condition was unconstitutionally vague because it did not notify the juvenile offender "in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." (*Id.* at pp. 891-892.)  It further concluded that "modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*Id.* at p. 892.)

Although the probation condition in *Sheena K.* did not concern the possession or consumption of alcohol, we believe it prudent to follow the Supreme Court's lead by adding a knowledge requirement to the probation condition in this case.

## IV.  DISPOSITION

The judgment (order of probation) is ordered modified as follows.

The probation condition concerning the consumption and possession of alcohol is modified to state:  "You shall not knowingly possess or consume any alcohol or illegal substances or knowingly go to any places where alcohol is a primary item of sale."

As so modified, the judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:


_____
MÁRQUEZ, J.

Grover, J., Concurring and Dissenting

I concur in affirming the judgment; however, I respectfully dissent from modifying the challenged probation condition because I believe the majority applies the reasoning of *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*) too broadly. In my view, the probation condition at issue here needs no express knowledge provision to ensure due process in the form of a "fair warning" to the probationer.

The majority correctly notes that *Sheena K.* did not concern the possession or consumption of alcohol. At issue in *Sheena K.* was a probation condition proscribing conduct completely within the probation officer's subjective discretion, namely, not associating with "anyone disapproved of by probation." (*Sheena K., supra,* at p. 878.) A knowledge requirement is needed in such a probation condition to ensure reasonable notice of which persons are to be avoided. Indeed, most probation conditions restricting association depend on avoiding a type of person based on some characteristic that may or may not be outwardly apparent.

A seminal case on the issue of probation conditions prohibiting association is *People v. Garcia* (1993) 19 Cal.App.4th 97 (*Garcia*), which was cited with approval in *Sheena K.* In *Garcia*, the court determined that a condition barring association with " 'any felons, ex-felons, users or sellers of narcotics' " (*Id.* at p. 100) was an unconstitutionally overbroad infringement on freedom of association absent an explicit knowledge requirement. (*Id.* at p. 102.) In rejecting the Attorney General's invitation to construe the challenged condition as containing an implicit scienter requirement, the *Garcia* court noted "the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication." (*Ibid.*) I do not believe that *Garcia*, *Sheena K.*, nor cases following those authorities regarding conditions prohibiting *association*, stand for the proposition that scienter must be explicit in probation

1

conditions *generally* when no constitutional right is at stake; certainly statutes are not held to such a standard.

It is well established that an individual will not be subject to criminal sanctions without proof of a mental state corresponding to the prohibited conduct. As the California Supreme Court has explained, "the requirement that, for a criminal conviction, the prosecution prove some form of guilty intent, knowledge, or criminal negligence is of such long standing and so fundamental to our criminal law that penal statutes will often be construed to contain such an element despite their failure expressly to state it. 'Generally, " '[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.' . . . [Citation.] In other words, there must be a union of act and wrongful intent, or criminal negligence. (Pen. Code §20; [citation].)' " (*In re Jorge M.* (2000) 23 Cal.4th 866, 872, quoting *People v. Coria* (1999) 21 Cal.4th 868, 876.) "[A]t least where the penalties imposed are substantial, [Penal Code] section 20 can fairly be said to establish a presumption against criminal liability without mental fault or negligence, rebuttable only by compelling evidence of legislative intent to dispense with mens rea entirely." (*Jorge M.* at p. 879.)

As the Attorney General points out, and the majority acknowledges, it is similarly established that a probation violation must be willful to justify revocation of probation. (*People v. Zaring* (1992) 8 Cal.App.4th 362, 379 [probationer 22 minutes late to court]; *People v. Galvan* (2007) 155 Cal.App.4th 978, 982 [failure to report due to deportation].) As explained in *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295 (*Cervantes*), in which a probationer failed to appear for a review hearing due to being in the custody of immigration officials: "A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' [Citing *People v. Galvan, supra*.]" Noncompliance is not willful when it is attributable to circumstances beyond a probationer's control (*Cervantes, supra,* at p. 295), just as nonpayment is not willful unless a probationer has the ability to

pay.  (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1129; Pen. Code, § 1203.2, subd. (a).)

The concern in *Garcia* about overbroad infringement on a constitutional right, and the concern in *Sheena K.* about vagueness and adequate notice of proscribed behavior arose in the context of probation conditions prohibiting association, a core First Amendment right.  In contrast, a condition prohibiting the possession and consumption of alcohol does not directly implicate a constitutional right.  Where there is no infringement of constitutional rights, a condition's breadth is bounded only by its reasonable relationship to the underlying criminal offense and to preventing future criminality.  (*People v. Lent* (1975) 15 Cal.3d 481, 486; *People v. Olguin* (2008) 45 Cal.4th 375, 379.)  Similarly, vagueness need not be a concern when knowledge is reasonably implicit in a condition's wording.  "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' "  (*Olguin, supra,* 45 Cal.4th  at p. 382.)

I believe it is fair and reasonable to interpret a probation condition that prohibits possessing or consuming alcohol or frequenting an alcohol-based business as containing an implicit scienter element, just as statutes regulating controlled substances have been interpreted.  "[A]lthough criminal statutes prohibiting the possession, transportation, or sale of a controlled substance do not expressly contain an element that the accused be aware of the character of the controlled substance at issue ([Health & Saf. Code,] §§ 11350-11352, 11357-11360, 11377-11379), such a requirement has been implied by the courts."  (*People v. Coria, supra,* 21 Cal.4th at p. 878.)  "The essential elements of unlawful possession of a controlled substance are 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character.' "  (*People v. Martin* (2001) 25 Cal.4th 1180, 1184.)

I am not convinced that the Constitution requires more explicit clarity in an alcohol-related probation condition than in penal statutes.  Because any violation of the

challenged condition must be proven to be willful, and because the plain meaning of the prohibited conduct is clear, I would affirm the judgment without modification.

_____

Grover, J.