Filed 5/23/14  In re Z.B. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Z.B., a Person Coming Under the Juvenile Court Law. | H040103 (Monterey County  Super. Ct. No. J43638) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>Z.B.,<br><br>        Defendant and Appellant. | |

Three separate petitions were sustained in 2011 alleging that Z.B., a minor, came within the provisions of Welfare and Institutions Code section 602, and had committed acts which would have constituted four separate felonies had they been committed by an adult, namely three counts of robbery (Pen. Code § 211),[1] and one count of attempted robbery (§§ 211/664).  The court declared the minor to be a ward of the court, determined his maximum term of confinement to be 20 years and 6 months, and committed him to the Department of Juvenile Justice (DJJ).  Shortly after the minor's release on probation in July 2013, the Monterey County District Attorney filed a petition alleging seven probation violations by the minor; he admitted four of them.  In August 2013, the court

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

ordered that the minor continue to be a ward of the court on probation and imposed additional terms and conditions beyond those previously in place.

On appeal, the minor challenges a probation condition prohibiting his access to, use of, or possession of police scanners or other surveillance equipment. He claims that the condition (1) is vague and does not adequately notify him as to what is prohibited; (2) is overly broad and prohibits constitutionally protected activity; and (3) is unreasonable as applied to him because it would have the effect of requiring him to move out of his home because of living conditions over which he has no control.

We conclude that the probation condition is not unreasonable as applied to the minor, but that it should be modified to specifically include a knowledge requirement. We will therefore order the condition modified as indicated below. As so modified, we will affirm the August 28, 2013 order.

FACTS

On August 10, 2013, eight probation officers conducted a probation compliance check at the home of the minor, who had been adjudged a ward of the court in 2011.[2] A can of beer, cold to the touch, was found in the minor's bedroom. The minor admitted that he had been drinking the beverage. A cell phone was also found in the bedroom. The minor had set up a Facebook account through the cell phone, and one of the probation officers observed photographs on that account of the minor and three other people; the minor indicated that the three other people "were Norteño dropouts." One of the photographs showed one of the individuals displaying a gang sign. The probation officers also found in the minor's bedroom and in a hall closet various indicia of gang membership: four San Francisco baseball caps, a pair of red and black basketball shorts,

---

[2] At the time the court issued the order that is the subject of the challenge in this appeal, Z.B. was 20 years of age. Because this matter arises out of delinquency proceedings instituted under section 602 of the Welfare and Institutions Code, we will nevertheless refer to Z.B. as "the minor."

a white scarf with a San Francisco 49ers emblem, a maroon beanie, a red A's baseball cap, an Astros cap, a black and red shirt, and a black and red jacket.

Probation officers also found a loaded 16-gauge shotgun in a closet without doors in the bedroom of the minor's mother, which bedroom is adjacent to the minor's bedroom. In a dresser in his mother's bedroom, officers found multiple rounds of ammunition. And officers noticed a surveillance camera in a birdhouse positioned to view the front of the house; the monitor to the camera was located in the bedroom of the minor's mother.

PROCEDURAL BACKGROUND

In May 2011, the Monterey County District Attorney filed a petition with the juvenile court under Welfare and Institutions Code section 602, subdivision (a), alleging that the minor had committed an offense that, had it been committed by an adult, would have been a felony, namely, robbery (§ 211). It was also alleged that the robbery was committed by the minor through the personal use of a firearm (§ 12022.5, subd. (a)(1)). In June 2011, the Monterey County District Attorney filed a second petition with the juvenile court, alleging that the minor had committed two offenses that, had they been committed by an adult, would have been felonies, namely, two counts of robbery (§ 211), both of which occurred on June 15, 2011. It was alleged further that one of the robberies was committed by the minor through the personal use of a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)); and that in committing the other robbery, the minor personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). The Monterey County District Attorney filed a third petition involving the minor in October 2011, alleging an additional count of attempted robbery (§§ 211/664).

The juvenile court sustained the three petitions. On November 4, 2011, the minor was declared a ward of the court. His maximum term of confinement was determined to be 20 years and 6 months, and he was committed to the DJJ. On July 25, 2013, upon the minor's release from DJJ, the court ordered that he be returned home on probation with

various terms and conditions, including conditions concerning the possession and use of drugs, alcohol, weapons, and ammunition. The court also imposed gang conditions.

A petition was filed less than three weeks later by the minor's probation officer, alleging that the minor, on August 10, 2013, had violated the terms of his probation by (A1)[3] being in possession of various articles of clothing associated with criminal street gangs; (A2) associating with other gang members displaying gang signs, as viewed in a picture posted on Facebook; (A3) possessing alcohol; (A4) admittedly consuming alcohol; (A5) possessing a loaded 16-gauge shotgun; (A6) possessing ammunition; and (A7) failing to obey all laws, in that he was arrested for being a ward in possession of a firearm (§ 29820, subd. (b)) and for being a ward in possession of ammunition (§ 30305, subd. (a)(1)). At a hearing on August 14, 2013, the minor admitted the violations alleged as A1, A2, A3, and A4. The remaining allegations were dismissed by the court.

On August 28, 2013, the court ordered that the minor continue as a ward of the court on probation with modified and additional terms and conditions. The minor filed a timely notice of appeal from that order.

DISCUSSION

I.     *Probation Conditions*

A juvenile court is empowered to impose upon a ward placed on probation "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) "The juvenile court has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena*

---

[3] The seven probation violations alleged in the petition were designated as "(A1)" through "(A7)."

*K.*).)  This discretion is broader with respect to the imposition of probation conditions for juveniles than it is for adult offenders.  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1152; see also *Sheena K.*, at p. 889 [probation condition that may be unconstitutional for adult offender may be permissible for minor under juvenile court's supervision].)

Both adult offenders and juveniles may challenge a probation condition on the ground that it is either unconstitutionally vague or overly broad.  (See *Sheena K.*, *supra*, 40 Cal.4th at p. 887.)  As we have explained:  "Although the two objections are often mentioned in the same breath, they are conceptually quite distinct.  A restriction is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." '  [Citation.]  A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed.  [Citations.]  A restriction is unconstitutionally overbroad, on the other hand, if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.'  [Citations.]  The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement."  (*In re E.O.*, *supra*, 188 Cal.App.4th at p. 1153; see also *In re Victor L.* (2010) 182 Cal.App.4th 902, 910.)

II.    *Police Scanner and Surveillance Equipment Condition*

The minor challenges a probation condition imposed by the court prohibiting the possession of, access to, or use of police scanners or other surveillance equipment.  That condition reads:  "Not have access to, use, or possess any police scanner device or surveillance equipment on your person, vehicle, place of residence, or personal effects."

The minor argues that the condition is unconstitutionally vague and overly broad,[4] and is unreasonable as applied to his circumstances. His positions regarding vagueness and overbreadth consist of the claims that (1) the phrase "access to" and "surveillance equipment" are ill-defined and imprecise; and (2) the condition does not include a requirement that the minor knowingly possesses or have access to the prohibited equipment. He contends that the condition is unreasonable "because it would have the effect of forcing appellant out of his home for conditions in the home over which he has no control."

The Attorney General responds that the probation condition is not vague in any respect and is reasonable. She argues that the probation condition therefore requires no modification.

### A. *Vagueness and Overbreadth Challenges*

#### 1. *Defined Terms*

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Where the condition limits constitutional rights, it must be "closely tailor[ed] . . . to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Ibid.*) Thus, courts may require that vague or overly broad terms in probation conditions be modified or narrowed to satisfy constitutional standards. (See, e.g., *People v. Leon*

---

[4] The minor did not raise these constitutional challenges of vagueness and overbreadth below. But because his claim is that the probation condition is unconstitutional, it is cognizable on appeal. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889; see also *People v. Turner* (2007) 155 Cal.App.4th 1432, 1435 (*Turner*) [constitutional challenges to probation conditions that they are facially overly broad and vague present pure questions of law that are not forfeited by appellant's failure to raise them at trial].)

(2010) 181 Cal.App.4th 943, 952 (*Leon*) [prohibition that defendant not " 'frequent' " areas where gang activity occurs was "unconstitutionally vague, because it is both obscure and has multiple meanings"]; *In re White* (1979) 97 Cal.App.3d 141, 147-148 [probation condition containing blanket restriction against being present in specified area of city at any time must be narrowed so that right to travel is not unduly restricted].)

The minor argues that the phrase "access to" is vague and overly broad because the term " 'access' can refer to physical proximity with or without the right to control an object."

" 'Access' " is defined as "**1** the act of coming toward or near; approach **2** a way or means of approaching, getting, using, etc. **3** the right to enter, approach, or use; admittance . . ." (Webster's New College Dict. (4th ed. 2008) p. 8, col. 1.) The probation condition, including the challenged term "access," must be considered in the context of this case. (See *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116 (*Acuna*) ["in evaluating challenges based on claims of vagueness, . . . '[t]he particular context is all important' "].) Here, during an August 10, 2013 probation search of the minor's home, officers found, among other things, a surveillance camera in a birdhouse positioned to view the front of the house; the monitor for the camera was located in the bedroom of the minor's mother. The minor's probation officer noted that "surveillance equipment is a safety issue for any officer entering the home[,] especially if weapons and ammunition were located at the residence during the last contact." A loaded shotgun and ammunition were, in fact, found in the home during the same probation search. And one of the minor's prior adjudications involved a robbery with the personal use of a firearm.

In this context, a prohibition of the minor's having "access to" a "police scanner device or surveillance equipment on [his] person, vehicle, place of residence, or personal effects" is not vague or overly broad. It is intended to prevent the minor's ability to detect in advance through police scanners or surveillance equipment the presence of peace officers performing their lawful duties, including probation compliance checks.

We therefore disagree with the minor's premise that the phrase "access to" must be construed as prohibiting the minor's physical proximity to such items without his right to control them.

The minor also contends that the term "surveillance equipment" is ill-defined and thus fails to give adequate notice to him as to what items he may or may not possess. He contends the "provision is broad enough to bar anything which could potentially be used for 'surveillance,' including commonly used items such as cellular phones, computers, tablets, and cameras."

The challenged term must again be considered in the context of this case (*Acuna*, *supra*, 14 Cal.4th at p. 1116): The presence of a security monitoring system connected to a computer inside the minor's home was a circumstance that presented an officer safety issue. But a relatively innocuous article such as an iPad could arguably be considered "surveillance equipment," even if the iPad owner intended only to use it for sending and receiving emails or for other non-surveillance purposes. We will therefore order that the probation condition be modified to include a scienter element to address any vagueness with respect to this term.

### 2. *Knowledge Requirement*

The minor contends the probation condition is constitutionally defective because it does not include a requirement that the minor "*knowingly* have access to, use, or possess any police scanner device or surveillance equipment . . . ." (Italics added.)

In considering a condition prohibiting a minor from associating with " 'anyone disapproved of by probation,' " our high court in *Sheena K* reasoned that the foundation of a vagueness challenge is the due process concept of " 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at pp. 889–890.) The vagueness doctrine "bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men [or women] of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.]" (*Id.* at p. 890.) Our high court concluded that, in

the absence of "an express requirement of knowledge," the challenged probation condition was unconstitutionally vague because it did not give advance notice to the minor of the persons with whom she was prohibited from associating.  (*Id.* at p. 891; see also *Acuna*, *supra*, 14 Cal.4th at p. 1117 [indicating that trial court, to the extent scienter element was not fairly implied, should insert knowledge requirement in injunction against associating with gang members].)

Thus, as we have observed:  "In a variety of contexts, . . . California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances."  (*People v. Kim* (2011) 193 Cal.App.4th 836, 843 (*Kim*).)  In a host of cases, probation conditions have been invalidated where they failed to include language requiring the probationer's knowing violation of the condition.  These cases have involved probation conditions containing prohibitions against (1) associating with felons, ex-felons, or narcotics dealers or users (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102); (2) associating with gang members (*Leon*, *supra*, 181 Cal.App.4th at pp. 949-950; *In re Vincent G.* (2008) 162 Cal.App.4th 238, 245; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816; *People v. Lopez* (1998) 66 Cal.App.4th 615, 628); (3) associating with probationers, parolees, or gang members (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1071); (4) associating with persons under 18 (*Turner*, *supra*, 155 Cal.App.4th at p. 1437); (5) associating with persons disapproved of by the probation officer or the minor's parent (*In re Victor L. supra*, 182 Cal.App.4th at p. 911); (6) frequenting areas of gang-related activity (*Leon*, at p. 952; *In re H.C.*, at p. 1072; *In re Vincent G.*, at pp. 245, 247); (7) frequenting areas where weapons, firearms, or ammunition exist (*In re Victor L.*, at pp. 912-913); (8) possessing stolen property, or possessing firearms or ammunition (*People v. Freitas* (2009) 179 Cal.App.4th 747, 751-752 (*Freitas*)); (9) frequenting areas where sexually explicit material is viewed or sold (*People v. Moses* (2011) 199 Cal.App.4th 374, 377 (*Moses*)); (10) coming into contact with the victim (*People v.*

*Petty* (2013) 213 Cal.App.4th 1410, 1425); and (11) possessing, wearing or displaying gang-affiliated material (*Leon*, at p. 951; *In re Vincent G.*, at p. 245).

Here, the probation condition prohibiting access to, use of, or possession of police scanners or surveillance equipment—like the probation conditions in the many cases cited in the previous paragraph that courts found to be infirm—has no express requirement that the minor have knowledge of the presence of such equipment. Thus, as the condition is worded, the minor's unknowing access to a police scanner or surveillance equipment could constitute a probation violation. Like probation conditions that prohibit possession of gang paraphernalia without an express knowledge requirement (*Leon*, *supra*, 181 Cal.App.4th at p. 951; *In re Vincent G.*, *supra*, 162 Cal.App.4th at p. 245), the prohibition against having access to or possessing police scanners or surveillance equipment without inclusion of an element that the minor knowingly do so is constitutionally infirm. (*Sheena K.*, *supra*, 40 Cal.4th at p. 891.)

The Attorney General argues, however, that under a recent decision by another panel of this court, the scienter element may be implied. (See *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*).) The Attorney General's reliance on *Rodriguez* is misplaced.

In *Rodriguez*, the defendant challenged, among others, three probation conditions that did not contain express knowledge elements. The conditions concerned use and possession of alcohol and drugs; possession and trafficking of firearms, weapons, and ammunition (collectively, weapons); and an order to stay at least 100 yards from the victim's person, car, work or residence. (*Rodriguez*, *supra*, 222 Cal.App.4th at pp. 583-584.) As to the weapons condition, *Rodriguez* held that because certain criminal statutes prohibiting weapons possession, according to case law, had implicit scienter elements, the weapons probation condition contained an implicit scienter element and due process did not require an explicit knowledge clause. (*Id.* at p. 591.) The court held that as to the alcohol and drugs condition, the scienter element was implied as the condition concerned

controlled substances because, again, case law had construed criminal statutes proscribing possession of controlled substances "as including implicit knowledge elements." (*Id.* at p. 593.) But as the condition concerned alcohol and "intoxicants," *Rodriguez* concluded that "the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth in applying the condition." (*Id.* at p. 594.) Lastly, as to the stay-away condition, *Rodriguez* noted that it was "a form of prohibiting association." (*Ibid.*) It held that the trial court could appropriately modify the condition to provide that the "defendant not *knowingly* come within 100 yards of a known or identified victim." (*Id.* at p. 595, italics added.) The court observed: "[N]othing in the circumstances of the crime indicates defendant knows or reasonably should know the car owner's name, where she resides or works, or what other vehicles she may operate." (*Ibid.*)

*Rodriguez* does not compel the conclusion that the probation condition we are concerned with here has an implied scienter element. The probation condition in this case involves use of, access to, and possession of specific items of property which are otherwise legal and for which there exist no statutes proscribing their possession.[5] And the condition, to the extent that it restricts the ownership and possession of property, impacts the constitutional right to possess property. (Cal. Const., art. I, § 1; see *Freitas*, *supra*, 179 Cal.App.4th at p. 751.) Thus, the probation condition here is unlike the conditions in *Rodriguez* for which it was held that knowledge was implied. Unlike here, the *Rodriguez* probation conditions did not impair constitutional rights; they concerned

---

[5] We acknowledge, however, that there is at least one statute that criminalizes a specific use of a police scanner. (See § 636.5 [making it a misdemeanor for an unauthorized person to "intercept[] any public safety radio service communication, by use of a scanner or any other means" to assist the perpetrator of the crime in committing the offense or evading law enforcement].)

possession of weapons and controlled substances, matters for which there were existing criminal statutes construed to have implied scienter as an element.[6]

Moreover, we acknowledge that the Second District, Division Three, recently held—in reasoning that differed from the basis for the holding in *Rodriguez*—that a probation condition prohibiting ownership, use, or possession of dangerous or deadly weapons contained an implicit knowledge requirement. (See *People v. Moore* (2012) 211 Cal.App.4th 1179, 1185-1189 (*Moore*).) The court reasoned in part: "Moore's concern is not that he is unable to discern what conduct is prohibited. Instead, he worries that he might accidentally possess an item he would readily recognize as prohibited by the probation condition. Under these circumstances, the requirement that a violation of the weapons condition must be willful and knowing adequately protects him from being punished for innocent possession. The addition of an express knowledge requirement would add little or nothing to the probation condition." (*Id.* at p. 1188.) The *Moore* court distinguished the probation condition it was considering from the one in *Sheena K.*, *supra*, 40 Cal.4th 875, holding that "[u]nlike in *Sheena K.*, the weapons condition here *does* notify Moore in advance regarding what conduct is prohibited, and is not unconstitutionally vague." (*Moore*, at p. 1189, original italics.) The *Moore* court concluded: "the 'function served by an express knowledge requirement should not be extended beyond its logical limits.' (*People v. Kim*, *supra*, 193 Cal.App.4th at p. 847.) Accordingly, because the probation condition, as written, is sufficiently precise to alert Moore to what conduct is prohibited and guard against arbitrary enforcement; because a knowledge requirement is implied in the condition; and because Moore cannot be found

---

[6] As noted in *Rodriguez,* because the defendant there was a convicted felon, he was prohibited from owning, receiving, or possessing firearms or ammunition. (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 590; see also *Kim*, *supra*, 193 Cal.App.4th at p. 847 ["a convicted felon has no constitutional right to bear arms"].)

to have violated probation absent knowing possession [citation], we conclude express modification of the probation condition is unnecessary." (*Ibid.*, fn. omitted.)

We respectfully disagree with the reasoning in *Moore* to the extent it counsels that a scienter element should be implied in any probation condition proscribing possession of some particular item because the probationer "cannot be found to have violated probation absent knowing possession." (*Moore*, *supra*, 211 Cal.App.4th at p. 1189.) Instead, we adhere to the general proposition, as reiterated in *Sheena K.*, *supra*, 40 Cal.4th at page 891, that, particularly where the probation condition impacts constitutionally protected rights, in the absence of "an express requirement of knowledge," the challenged probation condition may be determined to be unconstitutionally vague.

Accordingly, we will order the probation condition modified to include a specific knowledge requirement. (*Sheena K.*, *supra*, 40 Cal.4th at p. 892 ["modification to impose an explicit knowledge requirement is necessary to render [a probation] condition constitutional"].) The probation condition will thus be modified to read: "You are not to knowingly have access to, use, or possess any police scanner device or surveillance equipment that you intend to use to monitor the police, whether on your person, in your vehicle, at your place of residence, or among your personal effects."[7]

### B.     *Reasonableness Challenge*

The minor claims that the probation condition, to the extent it prohibits access to, use of, or possession of surveillance equipment, is unreasonable as to his circumstances. He contends that the condition is (1) unrelated to the offenses that were the subject of his

---

[7] We acknowledge that the Third District Court of Appeal, expressing concern over the repetitive nature of constitutional challenges to probation conditions and their drain upon judicial resources, has indicated that it would not entertain future challenges to probation conditions based upon their failure to include an express knowledge requirement. (See *People v. Patel* (2011) 196 Cal.App.4th 956, 960.) We decline to follow the Third District's approach. (See *Moses*, *supra*, 199 Cal.App.4th at pp. 380-381 [declining to follow *Patel*, adding knowledge requirement to probation condition].)

prior adjudications; (2) is unrelated to future criminality; (3) "cannot possibly serve any reasonable rehabilitative purpose"; and (4) "is especially prejudicial as applied to [him]." The minor, in order to assert this appellate challenge to the reasonableness of the probation condition, was required to have raised it below. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 882, 883, fn. 4.) Because he did in fact object to the condition on the basis that it was unreasonable, he may assert it on appeal here.

As our Supreme Court has explained: "In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203. 1. [Citations.] 'The court may impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.' [Citation.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121, quoting § 1203.1, subd. (j).)

In order for a probation condition to be determined invalid, it must satisfy the three-part test enunciated by our high court in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), namely, the probation condition must " '(1) [have] no relationship to the crime of which the offender was convicted, (2) relate[] to conduct which is not in itself criminal, and (3) require[] or forbid[] conduct which is not reasonably related to future criminality . . . .' [Citation.] . . . Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Id.* at p. 486, fn. omitted.) The court in *Lent* made it clear that *each of these three elements* must be met in order to invalidate the probation condition. (*Id.* at p. 486, fn. 1 [noting that the Supreme Court in *In re Bushman* (1970) 1 Cal.3d 767, 777, had inadvertently used the disjunctive instead of the conjunctive in describing the three-part test].)

As acknowledged by the minor, we review the propriety of the imposition of a probation condition for abuse of discretion. "The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof." (*Lent*, *supra*, 15 Cal.3d at p. 486; see also *People v. Welch* (1993) 5 Cal.4th 228, 233.)

The minor cannot establish each aspect of the conjunctive three-part *Lent* test as required to invalidate the probation condition. We agree with the minor that two of the elements are satisfied. The condition prohibiting use of, possession of, and access to police scanners and other surveillance equipment appears to " '(1) [have] no relationship to the crime of which the offender was convicted, [and] (2) relate[] to conduct which is not in itself criminal.' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) But we do not agree that the minor satisfied the third *Lent* element, that the probation condition " 'requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Ibid.*)

We note that the minor's prior adjudications include a robbery with the personal use of a firearm, and another robbery with the personal use of a knife. The minor thus has a predilection toward possession and use of illegal, dangerous and deadly weapons. Further, it must be emphasized that in the August 2013 compliance check, two of the several probation violations discovered involved the presence of both a loaded shotgun and ammunition at the minor's home. Therefore, the justification for the proscription against police scanners or other surveillance equipment, as stated by the minor's probation officer in both her report and at the hearing—that the condition was necessary to promote officer safety with respect to any future compliance checks or other visits to the home—was amply supported by the record. The condition therefore is reasonably related to future criminality.

With due respect for the statement by the minor's mother at the hearing that the surveillance equipment was needed for her home due to prior robberies, this reason does not trump the officer safety concerns that make the condition an appropriate one. Nor is

the probation condition unreasonable because of the possibility that the minor (now two months shy of 21) may be compelled to move from his mother's home if she continues to maintain the surveillance equipment. Thus, the court did not abuse its discretion in imposing the probation condition under the circumstances presented here.

DISPOSITION

Probation condition number 4 of the August 28, 2013 order is modified to read as follows: "You are not to knowingly have access to, use, or possess any police scanner device or surveillance equipment that you intend to use to monitor the police, whether on your person, in your vehicle, at your place of residence, or among your personal effects." As so modified, the August 28, 2013 order is affirmed.

_____
                              Márquez, J.

WE CONCUR:

_____
   Rushing, P.J.

_____
      Premo, J.