[No. C060280. Third Dist. Nov. 23, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
TONY FREITAS, Defendant and Appellant.

## COUNSEL

Kathleen Woods Novoa, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Following conviction of grand theft (Pen. Code, § 487, subd. (a))[1] upon a no contest plea, defendant Tony Freitas appeals from the probation order (§ 1237), contending the trial court imposed two probation conditions that are unconstitutionally vague and overbroad. We shall modify both conditions and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2008, defendant was charged with (1) grand theft (§ 487) and (2) second degree burglary (§ 459). Defendant entered a no contest plea as to the first count and a waiver under *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], as to the second count (agreeing the second count would be dismissed but could be considered for sentencing purposes).

As disclosed by the probation report, defendant told law enforcement officers that on May 12, 2008, he was driving his vehicle when he saw someone he knew (Buck Day). Defendant gave Day a ride to a powerplant, where a third person was waiting, and helped Day load defendant's vehicle with scrap metal. Defendant then drove the two men to another location, where they unloaded the scrap metal. Defendant was aware the powerplant had a video surveillance camera. He admitted that, although he was told the metal was not stolen, he suspected it was stolen.

The trial court dismissed the burglary count, convicted defendant of grand theft, and granted probation with various conditions, including that defendant:

---

[1] Undesignated statutory references are to the Penal Code.

"Not own, possess or have custody or[2] control of any firearms or ammunition[;]

"[N]or . . . possess stolen property."

Defendant made no objection in the trial court.

## DISCUSSION

■ We shall review defendant's contentions despite his failure to raise them in the trial court because they present pure questions of constitutional law which, if meritorious, would be easily remediable on appeal by modification of the probation conditions. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282].)

(2) Trial courts have broad discretion to prescribe probation conditions in order to foster rehabilitation and to protect public safety. (§ 1203.1; *People v. Lopez* (1998) 66 Cal.App.4th 615, 624 [78 Cal.Rptr.2d 66] (*Lopez*).) However, probation conditions may be challenged on the grounds of unconstitutional vagueness and overbreadth. (*Lopez, supra,* 66 Cal.App.4th at p. 630.) A probation condition may be "overbroad" if in its reach it prohibits constitutionally protected conduct. (*Ibid.*) "The underlying concern of the vagueness doctrine is the core due process requirement of adequate notice . . . ." (*Ibid.,* italics omitted.) A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process. To avoid being void for vagueness, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him. . . .' [Citations.]" (*Ibid.*)

Defendant contends the two probation conditions—prohibiting him from possessing guns/ammunition or stolen property—are unconstitutionally void for vagueness because they do not require personal scienter on his part, i.e., they do not require that he *know* he is in possession of guns/ammunition or

---

[2] The words "custody or" do not appear in the written probation order but were orally stated by the trial court. When a clerk's transcript conflicts with a reporter's transcript, the question of which of the two controls is determined by consideration of the circumstances of each case. (*People v. Malabag* (1997) 51 Cal.App.4th 1419, 1422–1423 [59 Cal.Rptr.2d 847].) A criminal court's oral pronouncement of sentence may control over a conflicting document, such as a minute order or an abstract of judgment, but that is because the oral pronouncement constitutes the rendition of judgment and the written document is ministerial. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337].) Here, the written document is a probation order signed by the judge. In the absence of argument on the point, we resolve this appeal based on the more inclusive oral pronouncement cited by the parties.

stolen property. Although the heading in defendant's brief specifies only vagueness, the subheading and text argue the conditions are both vague and overbroad.

■ As to the prohibition against possessing stolen property, the People concede the "stolen" nature of property is not always apparent, and the probation condition should be modified to specify that defendant must know the property is stolen. We shall accept the concession on the ground that the probation condition is overbroad in prohibiting constitutionally protected conduct. (*Lopez, supra*, 66 Cal.App.4th at p. 630.) There is a constitutional right to possess property. (Cal. Const., art. I, § 1.) Although defendant has no right to possess *stolen* property, and receipt of stolen property constitutes a crime under section 496, the statute contains an express scienter requirement, i.e., "Every person who buys or receives any property that has been stolen . . . , *knowing the property to be so stolen* . . . shall be punished by imprisonment . . . ." (§ 496, subd. (a), italics added.)

■ This express requirement of knowledge should similarly appear in the probation condition. " ' "Where a condition of probation requires a waiver of constitutional rights, the condition must be narrowly drawn. To the extent it is overbroad it is not reasonably related to a compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights." ' [Citation.]" (*People v. Garcia* (1993) 19 Cal.App.4th 97, 101–102 [23 Cal.Rptr.2d 340].) In *Garcia*, the trial court imposed a probation condition that the defendant not associate with felons, ex-felons, users or sellers of narcotics, which implicated the constitutional right of freedom of association. (*Id.* at pp. 100, 102.) The appellate court modified the probation condition to provide that the defendant was not to associate with persons *he knew to be* felons or users or sellers of narcotics. (*Id.* at p. 103.) The appellate court rejected the People's argument that modification was unnecessary because knowledge was implied. (*Id.* at p. 102.) "[T]he rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication." (*Ibid.*)

Accordingly, we shall modify the probation order to prohibit defendant from being in possession of stolen property he knows has been stolen.

As to the probation condition about guns/ammunition, defendant, as a felon, has no constitutional right to bear arms. (§ 12021; *People v. Flores* (2008) 169 Cal.App.4th 568, 573–577 [86 Cal.Rptr.3d 804].) The People argue it is unnecessary to state expressly a knowledge requirement as to guns/ammunition because, unlike stolen property status, the status of these items as

guns/ammunition is patent. We agree it is unnecessary to specify that defendant must know a gun is a gun.

Defendant also argues, however, that without the addition of a scienter requirement, he could be found in violation of probation if he merely borrows a car and, unbeknownst to him, a vehicle owner's lawfully obtained gun is in the trunk.

The People respond no probation violation would be found in that case because the language of the probation condition tracks the language of section 12021[3] (prohibiting felons from possessing guns), and section 12021 contains no express knowledge requirement, yet has been held to contain an implied general intent requirement which may be satisfied by proof of knowledge. (*People v. Jeffers* (1996) 41 Cal.App.4th 917, 922 [49 Cal.Rptr.2d 86].)

However, the standard CALCRIM jury instruction on "Possession of Firearm by Person Prohibited," No. 2510, which is designed for alleged violations of section 12021, provides as pertinent:

"The defendant is charged [in Count ___] with unlawfully possessing a firearm [in violation of section 12021].

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant (owned/purchased/received/possessed) a firearm;

"2. The defendant knew that (he/she) (owned/purchased/received/possessed) the firearm . . . ."

A requirement of knowledge should be read into the probation condition for the same reason knowledge is required by CALCRIM No. 2510: the law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a firearm or ammunition.

We agree with defendant that it is appropriate to modify the probation condition to specify that defendant not *knowingly* possess the prohibited items. (*Lopez, supra*, 66 Cal.App.4th at p. 630 [to avoid being void for vagueness, a probation condition must be sufficiently precise for the probationer to know what is required of him or her].)

---

[3] Section 12021, subdivision(a), makes it a felony if any convicted felon "owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm."

## DISPOSITION

The probation order is modified to state as probation conditions that defendant "not knowingly possess property he knows is stolen" and "not knowingly own, possess or have custody or control of any firearms or ammunition." The trial court is directed to forward a certified copy of the probation order to the probation authorities. As so modified, the judgment (order) is affirmed.

Raye, J., and Robie, J., concurred.