Filed 5/19/14  P. v. Vega CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C073239 |
| Plaintiff and Respondent, | (Super. Ct. No. 11CR18564) |
| v. | |
| FRANK VEGA, JR., | |
| Defendant and Appellant. | |

A jury found defendant Frank Vega, Jr., guilty of the rape of an unconscious person after hearing evidence that he engaged in intercourse with a sleeping victim who had engaged in drinking games at defendant's house with defendant's sons and others. The trial court sentenced defendant to six years and suspended execution of the sentence. The court placed defendant on probation for three years and, among other things, ordered defendant to have no contact with the victim.  In addition to the no-contact order as a condition of probation, the court issued a criminal protective order pursuant to Penal

1

Code[1] section 136.2; however, the signed written order indicates it was issued pursuant to section 646.9, subdivision (k).

Defendant and the People agree the criminal protective order is unauthorized by either section 136.2 or section 646.9, subdivision (k) and must be stricken. Defendant did not object to the imposition of the criminal protective order at trial. However, the objection is not forfeited if the sentence was unauthorized. (*People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Scott* (1994) 9 Cal.4th 331, 354.) We find the order is unauthorized and modify the judgment to strike the order.[2]

DISCUSSION

The court orally pronounced it would and then did issue a criminal protective order pursuant to section 136.2. However, the written order, signed by the judge, indicates the criminal protective order was issued pursuant to section 646.9, subdivision (k), which only applies to an individual convicted of stalking. Since defendant was not charged with or convicted of stalking, any protective order issued pursuant to section 646.9 would clearly be unauthorized. (See *People v. Robertson* (2012) 208 Cal.App.4th 965, 996 [where cited statute does not authorize imposition of protective order against the defendant, the court cannot impose it].)

When there is a discrepancy between the oral pronouncement of a sentence and the written order, the criminal court's oral pronouncement controls because it "constitutes the rendition of judgment," whereas "the written document is ministerial." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750, fn. 2; accord *People v. Jones* (2012) 54 Cal.4th 1, 89 [oral pronouncement is judgment and written abstract of judgment does not add to

---

[1] Undesignated statutory references are to the Penal Code.

[2] Our decision has no effect on the no-contact order issued by the court as a condition of probation; it only affects the criminal protective order issued by the court pursuant to section 136.2.

2

or modify judgment as orally pronounced]; *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1345-1346 [oral pronouncement of probation conditions controls]; *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073 [same].)  Therefore, we conclude the trial court issued the criminal protective order pursuant to section 136.2.

"[U]pon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur," the court may order "that a person . . . shall have no communication whatsoever with . . . a victim . . . ."  (§ 136.2, subd. (a)(4).)  Except in domestic violence cases (which this is not), it is error to issue such an order where "there was no basis for a good cause belief [the defendant] had attempted either during or after the commission of the alleged aggravated assaults to intimidate or dissuade his victims . . . from reporting the crimes or testifying against him and no evidence of any likelihood of future intimidation or harm to the victims." (*Babalola v. Superior Court* (2011) 192 Cal.App.4th 948, 951.)

Thus a protective order may not be issued pursuant to section 136.2 without a showing of "a threat, or likely threat to criminal proceedings or participation in them"; past harm to the victim is not sufficient.  (*People v. Stone* (2004) 123 Cal.App.4th 153, 160-161, superseded by statute as recognized in *Babalola v. Superior Court*, *supra*, 192 Cal.App.4th at p. 951.)  In *People v. Ponce* (2009) 173 Cal.App.4th 378, 384, the court found the protective order issued pursuant to section 136.2 was unauthorized and must be stricken where "there was no evidence that after being charged [the defendant] had threatened, or had tried to dissuade, any witness, or had tried to unlawfully interfere with the criminal proceedings" and where there was no offer of proof or argument to justify the need for the protective order.  The same is true in the instant matter.  No evidence was presented to indicate defendant interfered in any way with the criminal proceedings or that he threatened or attempted to dissuade the victim or any witness from testifying or otherwise participating in the criminal action.  Accordingly, the protective order was not authorized pursuant to section 136.2.

## DISPOSITION

The judgment is modified to strike the criminal protective order issued pursuant to section 136.2.  As modified, the judgment is affirmed.


<u>      ROBIE           </u>, J.


We concur:


<u>      RAYE          </u>, P. J.


<u>      NICHOLSON    </u>, J.