Filed 1/13/15  P. v. Delgado CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EFREN ANGEL DELGADO,<br><br>    Defendant and Appellant. | H040579<br>(Santa Clara County<br>Super. Ct. No. C1363668) |

Defendant Efren Angel Delgado pleaded nolo contendere to a count of possession of marijuana for sale (Health & Saf. Code, § 11359).  He was placed on three years of formal probation, subject to various terms and conditions including that he not "possess or consume illegal drugs or alcohol or knowingly go anywhere illegal drugs are used or sold or where alcohol is the major item of sale."  On appeal, he argues his probation condition is unconstitutionally vague, because it lacks an express knowledge requirement.  We agree and modify the condition.  As modified, we affirm the judgment.

**PROCEDURAL BACKGROUND**[1]

On August 19, 2013, the Santa Clara County District Attorney's office filed a complaint charging defendant with one count of possession of marijuana for sale (Health & Saf. Code, § 11359).  On December 18, 2013, defendant pleaded nolo contendere as

_____

[1]The underlying facts of defendant's offense are not relevant to the issue raised on appeal.  We therefore only provide a summary of the relevant procedural history of the case.

charged in the complaint and was placed on three years of formal probation. The court imposed a condition of probation that he not "possess or consume illegal drugs or alcohol or knowingly go anywhere illegal drugs are used or sold or where alcohol is the major item of sale."

On January 7, 2014, defendant notified the court that he wished to withdraw his plea. That same day, he filed a notice of appeal and an application for a certificate of probable cause. The court denied his motion to withdraw his plea on January 15, 2014. The following week, the court denied defendant's application for a certificate of probable cause.

On January 30, 2014, defendant filed an amended notice of appeal.

## DISCUSSION

On appeal, defendant argues the probation condition imposed by the trial court prohibiting him from possessing or consuming illegal drugs or alcohol is unconstitutionally vague, because it lacks an express knowledge requirement.

Defendant did not object to the imposition of the condition during his sentencing hearing. However, "[a] Court of Appeal may review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*).) Our review of such a question is de novo." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1345.) Here, defendant raises a facial vagueness challenge to the imposed probation condition.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) That is, the defendant must know in

2

advance when he may be in violation of the condition. "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v*. *Freitas* (2009) 179 Cal.App.4th 747, 752.)

This court considered the constitutionality of a similar condition in *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*). In *Rodriguez*, the defendant challenged a probation condition that stated: " 'Not use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician.' " (*Id.* at p. 592.) We concluded that "[t]o the extent [the condition] reinforces defendant's obligations under the California Uniform Controlled Substances Act, the same knowledge element which has been found implicit in those statutes is reasonably implicit in the condition. What is implicit is that possession of a controlled substance involves the mental elements of knowing of its presence and of its nature as a restricted substance." (*Id.* at p. 593.)

However, *Rodriguez* further concluded that the probation condition at issue was not "limited to substances regulated by statute, but extend[s] to alcohol and the generic 'intoxicants.' " (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 594.) The court determined that "[b]ecause the latter category is susceptible of different interpretations, which may include common items such as adhesives, bath salts, mouthwash, and over-the-counter medicines, the addition of an express knowledge requirement [would] eliminate any potential for vagueness or overbreadth in applying the condition." (*Ibid*., fn. omitted.)

We adhere to the reasoning set forth in *Rodriguez*. To the extent the probation condition reinforces defendant's obligations under the Uniform Controlled Substances Act, a knowledge element is reasonably implied in the condition. (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 593.) However, to the extent defendant's condition is not limited to only those substances regulated by statute but to alcohol, an express knowledge requirement is required. Therefore, we modify defendant's probation condition to state

3

that he shall "not knowingly possess or consume illegal drugs or alcohol or knowingly go anywhere illegal drugs are used or sold or where alcohol is the major item of sale."

## DISPOSITION

The probation condition that provides "You shall not possess or consume illegal drugs or alcohol or knowingly go anywhere illegal drugs are used or sold or where alcohol is the major item of sale" is modified to provide: "You shall not knowingly possess or consume illegal drugs or alcohol or knowingly go anywhere illegal drugs are used or sold or where alcohol is the major item of sale."

As modified, the judgment is affirmed.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.