Filed 5/21/15  P. v. Butera CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT SALVADORE BUTERA,<br><br>    Defendant and Appellant. | H040996<br>(Santa Clara County<br>Super. Ct. No. C1245498) |

Defendant Robert Salvadore Butera appeals from a conviction for contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)), failure to secure payment of compensation (Lab. Code, § 3700.5), and diversion of construction funds (Pen. Code, § 484b).  On appeal, defendant challenges probations conditions related to substance abuse and a $10 crime-prevention fine.  As set forth below, we will strike the $10 fine and otherwise affirm the judgment of conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant and Linda Gross entered a contract in which defendant agreed to remodel Gross's kitchen for $29,600.  Gross was unaware that defendant was not a licensed contractor.  During construction, Gross paid defendant over $46,000.  When Gross refused to pay additional costs, defendant stopped working and left the project incomplete.  Gross reviewed invoices for materials used in the remodel, and she learned that she had paid defendant for materials that he never purchased.  An inspector reviewed

defendant's work and determined that it was substandard and did not satisfy the building codes. The cost to correct defendant's work and complete construction on the kitchen was $55,000. Defendant did not have workers' compensation insurance, and he filed a claim against Gross's homeowner's insurance for injuries he asserted had occurred at Gross's home.

Based on the foregoing conduct, defendant pleaded guilty to contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)), failure to secure payment of compensation (Lab. Code, § 3700.5), and diversion of construction funds (Pen. Code, § 484b). The trial court suspended imposition of sentence and placed defendant on formal probation for three years. Among the various terms and conditions of probation, the trial court ordered: 1) defendant must "submit to chemical tests as directed by the probation officer," 2) defendant is "not to possess or use illegal drugs or illegal controlled substances or go anywhere you know illegal drugs or non-prescribed controlled substances are used or sold," and 3) defendant "shall enter and complete a substance abuse treatment program as directed by the probation officer." In addition to other fines and fees, the trial court imposed a $10 crime-prevention fine pursuant to Penal Code section 1202.5.

Defendant moved to strike the three probation conditions related to substance abuse. At a hearing on the matter, defense counsel argued the conditions were inappropriate because drugs and alcohol played no role in the crimes, defendant had been "clean and sober for five years," and defendant "regularly attends A.A. meetings on his own volition." The prosecutor objected, arguing the conditions were appropriate because defendant had a pending charge for driving under the influence. Defense counsel argued the pending charge resulted from defendant's use of prescription drugs that he "possessed lawfully" and "was lawfully taking." Defense counsel also noted there had been "an offer of a dry reckless" in the pending case. The trial court refused to strike the probation conditions related to substance abuse, explaining: "There's this new case that you've just alluded to. Part of the objective of imposing probation conditions is to avoid future

2

criminality, and that's what I believe, in light of the new case, no matter what the offer is, or no matter what the reason or the types of drugs that were actually found, that is, prescription as opposed to illicit illegal drugs or alcohol, it seems to the Court that, especially in light of that offense, that it's warranted, that . . . these conditions . . . will serve [defendant] well in the future to avoid future criminality. That's what the Court is most interested in."

## DISCUSSION

### I. *PROBATION CONDITIONS*

Defendant contends that we must strike the three probation conditions related to substance abuse. He first asserts that the conditions are unreasonable and thus constitute an abuse of discretion. He next asserts that the condition regarding use of drugs, possession of drugs, and travel to places where drugs are used or sold is unconstitutionally vague and overbroad. As explained below, the trial court did not err in imposing the conditions.

### A. *Reasonableness*

"Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*Ibid.*) Penal Code section 1203.1 authorizes the trial court to impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).)

"We review conditions of probation for abuse of discretion." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was

3

convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .” [Citation.]’ ” (*Ibid.*) “This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.” (*Ibid.*) “As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality.” (*Id.* at pp. 379-380.)

Here, defendant’s trial counsel conceded that defendant had a history of substance abuse, defendant had a pending charge for driving under the influence, and the pending charge was based on defendant’s use of prescription drugs. Given this record, the probation conditions regarding substance abuse are reasonably related to preventing future criminality. Because the conditions regarding substance abuse are reasonably related to preventing future criminality, the trial court did not abuse its discretion in imposing them. (See *Olguin*, *supra,* 45 Cal. 4th at pp. 379-380.)

Defendant contends the conditions constitute an abuse of discretion because there is no “factual nexus” between the conditions and the crimes of conviction. He emphasizes that there was no evidence he was abusing drugs or alcohol at the time of his crimes. Defendant’s argument is unavailing. Our Supreme Court has held that “even if a condition of probation has no relationship to the crime of which a defendant was convicted,” the condition is valid as long as it “is reasonably related to preventing future criminality.” (*Olguin*, *supra,* 45 Cal.4th at pp. 379-380.) Thus, contrary to defendant’s assertion, it is irrelevant that there was no evidence linking the crimes of conviction to substance abuse. Because the probation conditions regarding substance abuse are reasonably related to preventing future criminality, they are valid and do not constitute an abuse of discretion.

**B.** *Constitutionality*

Probations conditions "may be challenged on the grounds of unconstitutional vagueness and overbreadth." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Ibid.*) "[W]e review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Defendant raises a constitutional challenge to only one of the probation conditions. He challenges the condition that states he is "not to possess or use illegal drugs or illegal controlled substances or go anywhere you know illegal drugs or non-prescribed controlled substances are used or sold."

In his opening brief, defendant asserts that the portion of the condition that prohibits him from possessing and using illegal drugs is unconstitutionally vague because it lacks a knowledge requirement. Defendant's argument's conflicts with *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), a case cited by the Attorney General in the respondent's brief. In *Rodriguez*, this court held that a knowledge requirement was "reasonably implicit" in a probation condition that commanded a defendant to " '[n]ot use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician.' " (*Id.* at pp. 592-593.) This court reasoned: "What is implicit is that possession of a controlled substance involves the mental elements of knowing of its presence and of its nature as a restricted substance." (*Id.* at p. 593.) Citing *Rodriguez* in his reply brief, defendant now concedes that the commands " '[n]ot to use or possess illegal drugs' reasonably contain an implicit knowledge requirement."

5

In light of *Rodriguez* and defendant's concession, we cannot conclude that an absence of a knowledge requirement renders the condition unconstitutionally vague.

Defendant additionally asserts that the portion of the condition that commands him to not "go anywhere you know illegal drugs or non-prescribed controlled substances are used or sold" is unconstitutionally vague and overbroad. He contends that this portion of the condition is vague "because it fails to identify geographic areas that are prohibited." He asserts that this portion of the condition is overbroad because it places a "tremendous" burden on his constitutional right to travel, it "is tied to geographic places that encompass parts of the entire world," it "fails to carve out exceptions for his legitimate travel," and he could unwittingly violate the condition if he were on a bus and someone started selling or using drugs on the bus. Defendant's arguments are unconvincing.

The condition is not unconstitutionally vague. The condition states defendant cannot go anywhere he *knows* illegal drugs or non-prescribed controlled substances are used or sold. Because the condition contains an explicit knowledge requirement, defendant has sufficient notice of those locations that are prohibited. Given the express knowledge requirement, the condition need not identify particular locations where drugs are used or sold. As the condition is written, defendant has fair warning of the locations to which he may not travel. (See generally *People v. Castenada* (2000) 23 Cal.4th 743, 751 [the "due process concept of fair warning is the underpinning of the vagueness doctrine"].)

Nor is the condition overbroad. Probation conditions are interpreted with "common sense." (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677.) "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' " (*Olguin, supra,* 45 Cal.4th at p. 383.) Applying a reasonable, common sense interpretation of the condition, we cannot conclude that the condition places a tremendous burden on defendant's right to travel. Defendant is prohibited from going to only those places where he knows illegal drugs or non-prescribed controlled substances

6

are used or sold. He provides no reason why he would need to legitimately travel to such places. Given the express knowledge requirement, defendant would not be in violation of the condition if he goes to a location that, unbeknownst to him, is a location where illegal drugs are used or sold. Defendant has thus failed to convince us that the condition is overbroad.

Defendant finally asserts that the condition "is not narrowly tailored" because it will have "minimal effect on his rehabilitation" as he "could arrange to buy and use drugs in places where he knows illegal drugs are not sold or used." This argument is meritless. The condition prohibits defendant from possessing illegal drugs, using illegal drugs, and going anywhere he knows illegal drugs or non-prescribed drugs are used or sold. We believe that these prohibitions are a reasonable and effective means for preventing defendant from abusing drugs. The circumstance that defendant could potentially arrange to buy and use drugs at locations not described in the condition does not render the condition unconstitutional. (See generally *People v. Jungers* (2005) 127 Cal.App.4th 698, 704 [a probation condition that restricts a constitutional right is valid if it is "carefully tailored and 'reasonably related to the compelling state interest' in reforming and rehabilitating the defendant"].)

### C. *Conclusion*

Defendant has failed to show the probation conditions related to substance abuse are unreasonable or unconstitutional. We therefore will not modify or strike those probation conditions.

## II. *CRIME-PREVENTION FINE*

Defendant contends that the trial court erred in imposing a $10 crime-prevention fine pursuant to Penal Code section 1202.5, and he requests that we strike the fine. The Attorney General concedes that the fine must be stricken. We therefore will strike the $10 crime-prevention fine.

## DISPOSITION

The judgment is modified to strike the $10 crime-prevention fine.  As so modified, the judgment is affirmed.

_____
               RUSHING, P.J.

WE CONCUR:

_____
       PREMO, J.

_____
       ELIA, J.