Filed 5/21/15  In re J. C.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J. C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J. C.,<br><br>        Defendant and Appellant. | A143693<br><br>(Contra Costa County<br>Super. Ct. No. J12-00982) |

J. C. appeals from the dispositional order entered after he admitted a probation violation.  He challenges two of the probation conditions imposed by the juvenile court as unconstitutionally vague and overbroad.  We will order modification of the conditions and otherwise affirm the order.

**STATEMENT OF THE CASE[1]**

On April 28, 2014, a supplemental juvenile wardship petition was filed alleging that appellant unlawfully possessed an assault weapon (Pen. Code, § 30605, subd. (a)), unlawfully possessed a firearm (Pen. Code, § 29800, subd. (a)(1)), and possessed a short-barreled rifle/shotgun (Pen. Code, § 33215).[2]  On June 16, appellant pled no contest to

_____

[1] The facts underlying appellant's offenses are not relevant to the issues on appeal and will not be recited.

[2] Appellant was initially declared a ward of the court on October 25, 2012.

1

the second count, and the first and third counts were dismissed.  Appellant was committed to Bar-O Boys Ranch on June 30.

On October 9, a notice of probation violation was filed alleging that appellant left the ranch without permission and failed to listen to staff directives, resulting in refusal to participate in the program.  An arrest warrant was issued on October 9; appellant was arrested and the warrant was recalled on October 14.  On October 17, appellant admitted the violation.  At disposition on November 7, appellant was committed to the Youthful Offender Treatment Program (YOTP) at Juvenile Hall.  The court imposed conditions of probation.

Appellant filed a timely notice of appeal on November 14, 2014.

## DISCUSSION

Appellant contends that two of the conditions of probation imposed by the court are unconstitutionally vague and overbroad.  The first, No. 9 of the probation department's recommended conditions, was stated by the juvenile court as follows:  "The standard conditions of probation apply, including that you obey all laws, that you obey your parents or guardians, placement or county institution staff and rules."  The second was No. 15 of the recommended conditions:  "He's not to use or possess any dangerous or deadly weapons, burglar's tools or graffiti materials."

Although appellant did not object to these conditions in the juvenile court, we disagree with respondent's assertion that appellant has forfeited his challenges.  These claims may be reviewed despite the failure to object because they are "capable of correction without reference to the particular sentencing record developed in the trial court," presenting "a pure question of law, easily remediable on appeal by modification of the condition."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-888 (*Sheena K.*).)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  (*People v. Castenada* (2000) 23 Cal.4th 743, 751.)  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid.*), protections that are 'embodied in

2

the due process clauses of the federal and California Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' (*Ibid.*) . . . [¶] A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324–325.) A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. (See [*In re*]*White* [(1979)] 97 Cal.App.3d [141,] 149–150.)" (*Sheena K., supra,* 40 Cal.4th at p. 890.)

Appellant argues that the condition requiring him to "obey" custodial and school authorities is unconstitutionally vague and overbroad because it does not require him to "knowingly" violate rules. He argues this condition is even less specific than those found overbroad in *People v. Garcia* (1993) 19 Cal.App.4th 97 and vague in *Sheena K., supra,* 40 Cal.4th 875. *Garcia* held that a condition requiring the defendant to refrain from associating with users and sellers of narcotics, felons and ex-felons was overbroad and had to be modified to add a knowledge requirement, prohibiting association with persons the defendant "knows" to be users or sellers of narcotics, felons and ex-felons. (*Garcia*, at p. 102.) *Sheena K.* found a condition prohibiting association with " 'anyone disapproved of by probation' " unconstitutionally vague and upheld the Court of Appeal's modification of the condition to prohibit association with anyone " 'known to be disapproved of' " by the relevant authority. (*Id.* at p. 892.)

In *Garcia* and *Sheena K.*, it is easy to see that, absent a knowledge requirement, the probationer could easily violate the condition unknowingly, by associating with a person he or she did not know to be a narcotics user or seller (*Garcia*) or did not know was disapproved of by probation. (*Sheena K.*) The probationer in such a case would have no way of knowing before the fact that the particular association was prohibited. The condition at issue here is different. "Obey" means "[t]o comply with or perform the bidding of; to do what one is commanded by (a person); to submit to the rule or authority of, or be obedient to (a person, institution, etc.)" (Oxford English Dictionary), "to do

3

what someone tells you to do or what a rule, law, etc., says you must do" (Merriam-Webster Dictionary).  With respect to obeying parents, staff and school authorities, the concept of "obeying" necessarily implies a communicated directive, making an explicit knowledge requirement unnecessary and perhaps redundant.  Appellant could not "disobey" an order or direction of which he was unaware.

The same is not true of "rules," which may exist in written form without being directly communicated.  Respondent suggests modification of the condition to require that appellant obey "rules, *as provided in the institution's handbook or as explained by the staff or probation officer*."  Appellant accepts this suggestion, although he presses his argument that an express knowledge requirement should also be included.  In our view, appellant will "know what is required of him" if the condition is modified as proposed by respondent:  "The standard conditions of probation apply, including that you obey all laws, that you obey your parents or guardians, placement or county institution staff and rules, . . . as provided in the institution's handbook or as explained by the staff or probation officer." [3]

Appellant argues that the condition prohibiting use or possession of "burglar's tools"[4] and "graffiti materials" is vague and overbroad in that, absent a knowledge requirement, he could be found to have violated the condition even if he was unaware of the presence or character of the prohibited item.  In *People v. Freitas* (2009) 179 Cal.App.4th 747, 752 (*Freitas*), the defendant posited that without a knowledge requirement, a probation condition prohibiting possession of firearms or ammunition

---

[3] Although included in his quotation of the challenged condition, appellant does not direct any specific argument to the portion of the condition requiring that he "obey all laws."  Addition of a knowledge requirement to this standard probation condition would be inconsistent with the "fundamental principle that, in the absence of specific language to the contrary, ignorance of a law is not a defense to a charge of its violation."  (*Hale v. Morgan* (1978) 22 Cal.3d 388, 396; see *People v. Snyder* (1982) 32 Cal.3d 590, 592-593.)

[4] In orally stating the probation conditions, the court referred to "burglar's tools"; the minute order refers to "burglary tools"; and the condition as described in the probation report refers to "burglary tools as described in Penal Code section 466."

could result in him being found to have violated probation if he borrowed a car not knowing that the owner's lawfully obtained gun was in the trunk. The *Freitas* court held that the condition should be modified to specify that it applied to "knowing" possession because "the law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a firearm or ammunition." (*Ibid.*) Respondent acknowledges that modification to prohibit appellant from "knowingly" possessing burglary tools or graffiti items is appropriate.

Respondent disagrees, however, that any modification is necessary as to the specific items prohibited by this condition. *Freitas* found an express knowledge requirement was not necessary as to the nature of the prohibited items because that nature was "patent": It was "unnecessary to specify that defendant must know a gun is a gun." (*Freitas*, *supra*, 179 Cal.App.4th. at pp. 751-752.) Here, however, both "burglary tools" and "graffiti items" potentially include items with innocuous uses, such as a screwdriver (Pen. Code, § 466) or felt-tip marker (Pen. Code, § 594.2). Appellant urges modification of the condition to prohibit possession of these categories of items only if accompanied by unlawful intent—for "burglary tools," the intent to "feloniously . . . break or enter into any building, railroad car, aircraft, or vessel, trailer coach, or vehicle . . ." (Pen. Code, § 466),[5] and for "graffiti materials," "the intent to commit vandalism or graffiti" (§ 594.2,

_____

[5] Penal Code section 466 provides:

"Every person having upon him or her in his or her possession a picklock, crow, keybit, crowbar, screwdriver, vise grip pliers, water-pump pliers, slide-hammer, slim jim, tension bar, lock pick gun, tubular lock pick, bump key, floor-safe door puller, master key, ceramic or porcelain spark plug chips or pieces, or other instrument or tool with intent feloniously to break or enter into any building, railroad car, aircraft, or vessel, trailer coach, or vehicle as defined in the Vehicle Code, or who shall knowingly make or alter, or shall attempt to make or alter, any key or other instrument named above so that the same will fit or open the lock of a building, railroad car, aircraft, vessel, trailer coach, or vehicle as defined in the Vehicle Code, without being requested to do so by some person having the right to open the same, or who shall make, alter, or repair any instrument or thing, knowing or having reason to believe that it is intended to be used in committing a misdemeanor or felony, is guilty of a misdemeanor. Any of the structures

5

subd. (a)).[6]  Respondent's counter argument—that the intent element appellant proposes "goes to a sufficiency of the evidence of a criminal charge at trial, not a claim of unconstitutional vagueness of a probation condition"—misses the mark.  "There is a constitutional right to possess property."  (*Freitas, supra,* 179 Cal.App.4th at p. 751.) Absent a qualification such as appellant proposes, the prohibition against possession of burglary tools or graffiti materials would not be sufficiently tailored to the purpose of the probation condition and, therefore, would be constitutionally overbroad.  (See, *Sheena K., supra,* 40 Cal.4th at p. 890.)  The inclusion of an intent element gives appellant notice of precisely what is prohibited:  He may possess or use a screwdriver to repair a broken appliance, for example, but not with intent to commit a burglary, and he may possess or use a felt tip marker for a school project, but not with intent to commit vandalism/graffiti. The condition shall be modified as follows:  "The minor is not to knowingly use or possess any dangerous or deadly weapons, or burglar's tools with intent to feloniously break or enter into any building, railroad car, aircraft, or vessel, trailer coach or vehicle, or graffiti items with intent to commit vandalism or graffiti."

---

mentioned in Section 459 shall be deemed to be a building within the meaning of this section."

[6] Penal Code section 594.2 provides:

"(a)  Every person who possesses a masonry or glass drill bit, a carbide drill bit, a glass cutter, a grinding stone, an awl, a chisel, a carbide scribe, an aerosol paint container, a felt tip marker, or any other marking substance with the intent to commit vandalism or graffiti, is guilty of a misdemeanor.

"(b)  As a condition of probation for any violation of this section, the court may order the defendant to perform community service not to exceed 90 hours during a time other than his or her hours of school attendance or employment.

"(c)  For the purposes of this section:

"(1)  'Felt tip marker' means any broad-tipped marker pen with a tip exceeding three-eighths of one inch in width, or any similar implement containing an ink that is not water soluble.

"(2)  'Marking substance' means any substance or implement, other than aerosol paint containers and felt tip markers, that could be used to draw, spray, paint, etch, or mark."

## DISPOSITION

Condition No. 9 is modified to provide: "The standard conditions of probation apply, including that you obey all laws, that you obey your parents or guardians, placement or county institution staff, and rules, as provided in the institution's handbook or as explained by the staff or probation officer. [¶] You are ordered to attend school regularly and obey school authorities."

Condition No. 15 is modified to provide: "The minor is not to knowingly use or possess any dangerous or deadly weapons, or burglar's tools with intent to feloniously break or enter into any building, railroad car, aircraft, or vessel, trailer coach or vehicle, or graffiti items with intent to commit vandalism or graffiti."

In all other respects, the order is affirmed.

7

_____
Kline, P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.