Filed 5/26/15  P. v. Tran CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DUC DAO TRAN,<br><br>  Defendant and Appellant. | H040534<br>(Santa Clara County<br>  Super. Ct. No. C1361079) |

## I.  INTRODUCTION

After a jury trial, defendant Duc Dao Tran was convicted of one felony count of possession of a controlled substance (Health & Saf. Code, § 11377)[1] and one misdemeanor count of being under the influence of a controlled substance (§ 11550, subd. (a)).  Defendant admitted the allegations that he had two prior convictions for violation of section 11550.  He was placed on formal probation for two years.

On appeal, defendant challenges the probation conditions that require him to "not consume or use or possess illegal drugs" and "not own or possess firearms or ammunition."  Defendant contends that these probation conditions are unconstitutionally vague because they do not include an explicit knowledge element.  For the reasons stated

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

below, we will modify the challenged probation conditions to include an express knowledge requirement and affirm the judgment as modified.

## II. BACKGROUND

On July 10, 2013, Officer Kyle Rollins of the San Jose Police Department was on patrol on Summerside Road when he saw defendant walking on the sidewalk while rolling a bicycle. Officer Rollins had previously conducted narcotics investigations in that area. He asked defendant to come over to him and when defendant complied, Officer Rollins confirmed defendant's identity with defendant's California driver's license and a database check. While Office Rollins was interacting with defendant, he observed that defendant was exhibiting symptoms of being under the influence of a central nervous system stimulant. Officer Rollins searched defendant and found bindles of crystal methamphetamine, a wallet containing a large sum of money, and a pocket knife. He arrested defendant for possession of a drug for sale.

The information filed in September 2013 charged defendant with one felony count of possession for sale of a controlled substance, methamphetamine (§ 11378; count 1) and one misdemeanor count of being under the influence of a controlled substance (§ 11550, subd. (a); count 2). The information also included the allegations that defendant had two prior convictions for violation of section 11550.

The matter proceeded to a jury trial and the jury verdict was rendered on November 26, 2013. The jurors found defendant not guilty on count 1 (§ 11378), guilty on the lesser included offense of simple possession (§ 11377), and guilty on count 2 (§ 11550, subd. (a)). On the same day as the jury verdict, defendant admitted the allegations that he had two prior convictions for violation of section 11550.

At the sentencing hearing held on December 3, 2013, the trial court suspended imposition of sentence and imposed formal probation for two years with various terms and conditions.

2

# III. DISCUSSION

Defendant contends the probation conditions regarding illegal drugs and firearms or ammunition are unconstitutionally vague because the conditions do not include an explicit knowledge element.  The probation conditions require defendant to "not consume or use or possess illegal drugs" and "not own or possess firearms or ammunition for the rest of your life."

The "underpinning of a vagueness challenge is the due process concept of 'fair warning.'  [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)  "The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.  [Citations.]' " (*Ibid.*)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*)

In *Sheena K.*, the California Supreme Court considered a probation condition requiring the defendant not " 'associate with anyone disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.)  The court held that "in the absence of an express requirement of knowledge," the probation condition was unconstitutionally vague because it "did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." (*Id.* at pp. 891-892.)

Appellate courts have held that a knowledge element was required in numerous other probation conditions.  For instance, in *People v. Kim* (2011) 193 Cal.App.4th 836, this court observed that "California appellate courts have found probation conditions to be unconstitutionally vague . . . when they do not require the probationer to have knowledge of the prohibited conduct or circumstances." (*Id.* at p. 843.)  Similarly, when

3

considering probation conditions regarding possession of firearms and stolen property in *People v. Freitas* (2009) 179 Cal.App.4th 747, the court held that to survive a vagueness challenge, a probation condition that prohibits possession of particular items must "specify that defendant not *knowingly* possess the prohibited items." (*Id.* at p. 752.)

The Attorney General asserts that it is unnecessary to include a knowledge requirement in the challenged drug-related and firearm-related probation conditions, asserting that a knowledge requirement is reasonably implicit in these conditions. The Attorney General relies on the decision in *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), where the defendant challenged a probation condition that stated: " 'Not use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician . . . .' " (*Id.* at p. 592.) This court observed that case law had interpreted the California Uniform Controlled Substances Act (§ 11000 et seq.) as including an implicit knowledge requirement. (*Rodriguez, supra,* at p. 593.) Thus, *Rodriguez* reasoned that to the extent that the challenged probation condition reinforced the defendant's statutory obligations, "the same knowledge element which ha[d] been found to be implicit in those statutes [was] reasonably implicit in the condition." (*Ibid.*) Nevertheless, this court ordered that the entire condition be modified to add an express knowledge requirement because the condition was not limited to substances regulated by statute. (*Id.* at pp. 593-594.)

We agree with defendant that an express knowledge element should be added to the challenged probation conditions, which require that defendant "not consume or use or possess illegal drugs" and "not own or possess firearms or ammunition for the rest of your life." Our conclusion comports with the observation in *Rodriguez, supra*, 222 Cal.App.4th 578, that "the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth in applying the condition." (*Id.* at p. 594.) To prevent arbitrary enforcement and provide clear notice of what conduct will constitute a violation, we will modify the conditions to read as follows: "You are not to knowingly

4

consume or use or possess any illegal drugs," and "You are not to knowingly own or possess firearms or ammunition for the rest of your life."

## IV.  DISPOSITION

The judgment (order of probation) is modified as follows:

The probation condition requiring defendant to "not consume or use or possess illegal drugs" is modified to read:  "You are not to knowingly consume or use or possess any illegal drugs."  The probation condition requiring defendant to "not own or possess firearms or ammunition for the rest of your life" is modified to read:  "You are not to knowingly own or possess firearms or ammunition for the rest of your life."

As so modified, the judgment (order of probation) is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

MÁRQUEZ, J.