Filed 8/31/15  P. v. Leon CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C077531 |
| Plaintiff and Respondent, | (Super. Ct. No. CR54369) |
| v. | |
| ARMANDO GUTIERREZ LEON, | |
| Defendant and Appellant. | |

The sole contention raised by defendant Armando Gutierrez Leon in the instant appeal is that the trial court's minute order and the abstract of judgment incorrectly reflect that he must register pursuant to Penal Code section 186.30.[1]  The People agree, and we concur.  Therefore, we will order correction of the abstract of judgment and minute order.

---

[1] Undesignated statutory references are to the Penal Code.

1

We dispense with a detailed factual recitation as unnecessary to the issue raised on appeal. Suffice it to say, defendant pleaded no contest to attempted second degree murder (§§ 187, subd. (a), 664) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and admitted personal use of a firearm in the commission of the attempted murder (§ 12022.53, subd. (b)). Pursuant to the plea agreement, the trial court sentenced defendant to an aggregate term of 20 years in state prison (the upper term of nine years for attempted murder, a consecutive one year for the assault, and 10 years for the firearm enhancement).

In its oral pronouncement of the sentence, the trial court stated, "in chambers, there was discussion with each counsel regarding the finding pursuant to [section] 186.30. The District Attorney indicated they [*sic*] were not seeking to have the Court make such a finding, and counsel indicated that he would oppose such a finding, and the Court agreed that the Court would not make such a finding." Regardless, the sentencing minutes indicate that "[d]efendant is ordered to register pursuant to [section] 186.30," and the abstract of judgment reflects that defendant must register pursuant to section 186.30, subdivision (b)(3).

Section 186.30 provides that a person must register as a gang member if they have been convicted of any of the following: (1) actively participating in a criminal street gang (§ 186.22, subd. (a)); (2) any crime where the gang enhancement (§ 186.22, subd. (b)) has been found true; or (3) "[a]ny crime that the court finds is gang related at the time of sentencing . . . ." (§ 186.30, subds. (a), (b)(1)-(3).) Therefore, the trial court expressly declined to impose a registration requirement, and defendant's plea agreement did not involve the substantive gang crime or the gang enhancement codified in section 186.22 that would otherwise require defendant to register. Thus, the minute order and the abstract of judgment do not accurately express the trial court's judgment.

When there is a discrepancy between the oral pronouncement of a sentence and the written order, the criminal court's oral pronouncement controls because it "constitutes the rendition of judgment," whereas "the written document is ministerial." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750, fn. 2; accord, *People v. Jones* (2012) 54 Cal.4th 1, 89 [oral pronouncement is judgment, and written abstract of judgment does not add to or modify judgment as orally pronounced].) Therefore, the abstract of judgment must be corrected to strike the registration requirement. We will also direct the trial court to correct the corresponding minute order (dated Aug. 6, 2014) so as to avoid confusion. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 388 [striking orders not pronounced by court from abstract of judgment and corresponding minute order].)

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment striking the section 186.30, subdivision (b)(3) registration requirement, to correct its minute order dated August 6, 2014, to reflect the same change, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

        BUTZ        , J.

We concur:

      RAYE        , P. J.

      HULL        , J.