Filed 7/8/16  P. v. Macias CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIKI MACIAS,<br><br>    Defendant and Appellant. | H041749<br>(Santa Cruz County<br> Super. Ct. No. F26746) |

Defendant Miki Macias pleaded guilty to being a convicted person with a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1)) and possession of cocaine (Health & Saf. Code, § 11350, subd. (a)).  The trial court suspended imposition of sentence and placed defendant on probation for three years under various terms and conditions.  On appeal, defendant contends that some of the probation conditions violate due process.  We will modify one of the conditions.  As modified, the order is affirmed.

### I.  Statement of Facts

Shortly after midnight on June 17, 2012, a sheriff's deputy stopped defendant's vehicle, because it did not have a front license plate.  Defendant did not have insurance for his vehicle.  A records check revealed that there was a court order restraining defendant from possessing or owning firearms.  When the deputy asked defendant

whether he had any firearms, he initially stated that he did and then he stated that he did not. Defendant became increasingly nervous, shifted around, was sweating, and had rapid speech during their conversation. Defendant was eventually arrested for being under the influence of a controlled substance. When the deputy searched defendant, he found a small bag containing .8 grams of cocaine.

Since defendant's vehicle was going to be towed, the deputy conducted an inventory search and found a loaded handgun and a Hell's Angels Motorcycle Club jacket. Defendant had a tattoo on his abdomen with the words "Hells Angels" and a swastika.

## II. Discussion

Defendant contends that three of the probation conditions are unconstitutionally vague.

The trial court stated the conditions as follows: "Not to possess drugs, drug paraphernalia; gang paraphernalia; weapons, any kind of deadly or dangerous weapons. [¶] . . . [¶] You're not -- you have the gang -- you're not to be present where place -- in places where gangs hang out. If you know that there's a gathering of Hells Angels, you better not be anywhere near it. Otherwise, you'll be in violation of your probation. [¶] . . . [¶] . . . You're not to possess, wear, use or display any gang paraphernalia."

Shortly thereafter, the following exchange occurred: "MR. BAUM [Prosecutor]: I believe we got all the terms. [¶] The only addendum I would make to the gang terms is there is a decision from the Sixth District that says he has to knowingly not associate with any gang members or associates, to not knowingly be present in any location where other Hells Angels members are present. [¶] THE COURT: Right. I thought I said that, but -- not associate with anyone he knows are gang members. [¶] Anyway, it's always knowingly, should be knowingly, but the burden -- the standard of proof on a probation violation is preponderance of the evidence. [¶] If you know the people you're with are

Hells Angels, you shouldn't be with them.  [¶]  THE DEFENDANT:  (Defendant nods head.)"

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  [Citation.]  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.  [Citation.]'  [Citation.]"  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  [Citation.]"  (*Ibid.*)  "A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process."  (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.)

Defendant argues that the restriction against wearing, possessing, using or displaying gang paraphernalia should include a knowledge requirement.  We agree.

In *People v. Leon* (2010) 181 Cal.App.4th 943, this court considered whether a probation condition prohibiting the defendant from possessing gang paraphernalia was unconstitutionally vague.  (*Id.* at p. 950.)  This court held that the condition was constitutionally defective because it "lack[ed] an explicit knowledge requirement. . . . [A]bsent that qualification the condition render[ed] defendant vulnerable to criminal punishment for possessing paraphernalia that he did not know was associated with gangs.  [Citation.]"  (*Id.* at p. 951.)  Thus, we will modify the order to include a knowledge requirement.

Defendant also contends that the reference to "gang" in the probation conditions should be modified to refer specifically to criminal street gangs as defined in Penal Code section 186.22.

3

Here, trial court emphasized that defendant was not to knowingly associate with members of Hell's Angels.  Based on this record, a person of common intelligence would understand that the trial court's reference to "gang" in the probation conditions was to the Hell's Angels gang.  Thus, there was no due process violation.

## III.    Disposition

The trial court is ordered to modify one of the gang conditions of probation to read as follows:  "You shall not wear, possess, use, or display paraphernalia that you know is evidence of, affiliation with, or membership in a gang."  As modified, the order is affirmed.

4

                                _____

                                Mihara, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Bamattre-Manoukian, J.