Filed 9/30/16  P. v. Conatser CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER HAYES CONATSER,<br><br>        Defendant and Appellant. | A146093<br><br>(Napa County<br>Super. Ct. No. CR167593) |

Defendant Christopher Hayes Conatser appeals from a judgment sentencing him to two years in local custody followed by six years mandatory supervision based on his no contest plea to possession of methamphetamine for sale (Health & Saf. Code, § 11378) with two prior drug convictions. On appeal, defendant contends that two of the conditions of his mandatory supervision are unconstitutionally vague and must be modified to prohibit him from knowingly violating them. The underlying issue is currently pending before our Supreme Court in *People v. Hall* (2015) 236 Cal.App.4th 1124, review granted September 9, 2015, S227193.[1] Therefore, although we question the need to do so,

---

[1] The summary of the issues under review in the Supreme Court in *People v. Hall*, *supra*, 236 Cal.App.4th 1124 states: "This case presents the following issues: (1) Are probation conditions prohibiting defendant from: (a) 'owning, possessing or having in his custody or control any handgun, rifle, shotgun or any firearm whatsoever or any weapon that can be concealed on his person'; and (b) 'using or possessing or having in his custody or control any illegal drugs, narcotics, narcotics paraphernalia without a prescription,' unconstitutionally vague? (2) Is an explicit knowledge requirement constitutionally mandated?" (See also *People v. Gaines* (2015) 242 Cal.App.4th 1035, review granted Feb. 17, 2016, S231723.)

1

we shall, in the interest of avoiding the prolongation of these proceedings, modify the challenged conditions to include an express knowledge requirement, and affirm the judgment in all other respects.

## Discussion

Defendant challenges as unconstitutionally vague the following conditions of his mandatory supervision: "10. Do not use, consume or possess any non-prescribed or illegal substances, including medical marijuana, unless specifically authorized by the court. Provide the probation officer with verification of any prescribed controlled substance within 72 hours of it being prescribed. [¶] . . . [¶] 15. Do not own or possess any firearm, ammunition, or other dangerous or deadly weapon."

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) To survive a challenge for vagueness, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Ibid.*) A probation condition passes constitutional muster so long as it spells out with "reasonable specificity" what is prohibited in such a way that persons of common intelligence need not guess at its meaning or differ as to its application. (*Ibid.*)

Initially, defendant argues that the "use of the word 'non-prescribed' in the substances condition renders it hopelessly vague, because it suggests that Conatser is prohibited from using or possessing any over-the-counter medication, such as aspirin, or something to ease heartburn." The Attorney General explains correctly, however, that the word "non-prescribed" encompasses only prescription medications for which defendant does not have a valid prescription. Read in context, a reasonable probationer with common intelligence is not likely to interpret the probation condition as prohibiting his use of over-the-counter medication.

Defendant's primary contention is that the challenged conditions must include an explicit knowledge requirement to avoid the possibility of an unwitting violation of the conditions. The Attorney General recognizes that defendant can violate the conditions of his supervision only if he does so willfully and suggests that the implicit willfulness

2

requirement for a violation of mandatory supervision conditions is sufficient. We recognize, as do the parties, a split in authority as to whether the scienter requirement must be expressly included in a probation condition. (See *In re Kevin F.* (2015) 239 Cal.App.4th 351, 365 [requiring modification to add a scienter requirement]; *People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [same]; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1185 [modification to add scienter requirement is unnecessary because a knowledge requirement is already "manifestly implied."]; *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 591 [Challenged probation condition contains implicit scienter requirements, and due process does not require making them explicit.]; *People v. Kim* (2011) 193 Cal.App.4th 836, 847 ["[I]t is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute."].) Although the Attorney General's position has much to commend it, until the Supreme Court provides further guidance we see no reason to prolong these proceedings and consider it most expedient to simply require that the term "knowingly" be inserted in the challenged conditions.

### Disposition

The matter is remanded to the trial court with the direction to modify condition numbers 10 and 15 to read as follows: "10. Do not knowingly use, consume or possess any non-prescribed or illegal substances, including medical marijuana, unless specifically authorized by the court. Provide the probation officer with verification of any prescribed controlled substance within 72 hours of it being prescribed. [¶] . . . [¶] 15. Do not knowingly own or possess any firearm, ammunition, or other dangerous or deadly weapon."

The judgment is affirmed in all other respects.

_____

Pollak, J.

We concur:

_____

McGuiness, P.J.

_____

Jenkins, J.