Filed 4/13/16  P. v. Tapia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DAVID MEDINA TAPIA,<br><br>　　　Defendant and Appellant. | E062495<br><br>(Super.Ct.No. FSB1302534)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Judge.  Affirmed as modified.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

While adjusting the seatbelt of the truck he was driving, defendant, David Medina Tapia, swerved from his lane, striking a female pedestrian walking on an unimproved sidewalk along the side of the road, causing serious injuries. Defendant drove on without stopping, but neighbors identified his truck and he was subsequently arrested for hit and run (Veh. Code, § 20001, subd. (a)), and driving without a valid license (Veh. Code, § 12500, subd. (a)). He was convicted on both counts following a jury trial and appealed.

On appeal, defendant argues (1) his trial counsel provided ineffective assistance by failing to object to the probation condition requiring defendant to submit to warrantless searches; (2) imposition of a minimum restitution fine in the amount of $300 violated ex post facto laws; (3) imposition of a $30 surcharge on the restitution fine was improper where it was not included in the court's oral pronouncement of judgment; and (4) the probation condition prohibiting defendant from possessing or controlling materials to make explosive devices was void for vagueness.

## BACKGROUND

Because defendant raises only sentencing issues on appeal, a detailed recitation of the facts is unnecessary.

On May 21, 2011, at approximately 3:30 p.m., Evangelina P. was walking on an unpaved pedestrian walkway with her two grandchildren, when she was struck by a white truck that was driven by defendant for his employer, Inland Empire Landscaping. The truck did not stop; instead, defendant drove further and turned into the driveway of the landscaping business.

2

A teenage girl who lived nearby heard the sound of a collision and heard children screaming, so she went outside. She saw the injured woman lying on the ground, and called for her mother to call 9-1-1. The victim was transported to the hospital where she underwent surgery to remove her spleen, and treatment for other injuries.

Officer Nogues, an investigator for the California Highway Patrol, conducted a follow-up investigation of the incident, and learned that the vehicle involved in the hit-and-run accident was a white truck owned by Inland Empire Landscaping, that was driven by defendant on the date of the accident. The truck in question had denting on the right front fender, the passenger side mirror was cracked, and the right side turn signal was broken. Red and orange debris from the turn signal was on the ground, and a mailbox near the point of impact was also damaged.

Officer Nogues interviewed defendant. Defendant admitted he had driven the white truck down the street in question. He indicated that when he attempted to adjust his seatbelt, the truck drifted to the right and possibly struck a mailbox. There did not appear to be any damage done, so he did not stop. Defendant's driver's license was suspended on the day of the accident due to lack of insurance, but was reinstated a few days later when he provided proof of insurance to the Department of Motor Vehicles.

Defendant was charged with felony leaving the scene of an accident (Veh. Code, § 20001, subd. (a), count 1), and misdemeanor driving without a valid license (Veh. Code, § 12500, subd. (a), count 2). It was further alleged that the accident

3

described in count 1 resulted in permanent, serious injury to another (Veh. Code, § 20001, subd. (b)(2)).

After trial by jury, defendant was convicted of both counts. At sentencing, the court granted probation, on certain terms and conditions. Defendant appealed.

## DISCUSSION

1. *Defendant's Right to Effective Assistance of Counsel Was Not Violated.*

Defendant argues that he was deprived of effective assistance of counsel during the pronouncement of judgment because his attorney failed to object to a standard probation condition involving the waiver of defendant's Fourth Amendment Rights. We disagree.

To demonstrate that his right to effective assistance of counsel was violated, defendant must satisfy a two-pronged test: He must show (1) performance below an objective standard of reasonableness by his attorney, and (2) prejudice sufficient to establish a reasonable probability he would have obtained a more favorable result in the absence of counsel's error. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [104 S.Ct. 2052, 80 L.Ed.2d 674] (*Strickland*).)

There is a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' [Citation.]" (*People v. Lucas* (1995) 12 Cal.4th 415, 436-437.) Where the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, the claim on

4

appeal must be rejected.  (*People v. Mendoza Tello* (1997)15 Cal.4th 264, 266.)  "Further, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'"  (*People v. Carrasco* (2014) 59 Cal.4th 924, 982, citing *Strickland, supra,* 466 U.S. at p. 697.)

In other words, we need not determine whether defendant established the first prong of *Strickland,* deficient performance, if we conclude that even if counsel's performance was deficient, defendant has failed to sustain his burden on the issue of prejudice.  (*In re Alvernaz* (1992) 2 Cal.4th 924, 945.)  To demonstrate that his counsel's performance was deficient in failing to object to a standard probation condition, defendant must show that the probation condition requiring him to submit to warrantless searches would not have been imposed upon a timely objection.

Probation is a privilege and not a right.  (*People v. Olguin* (2008) 45 Cal.4th 375, 384.)  Thus, adult probationers may validly consent to limitations upon their constitutional rights, such as warrantless search conditions, in preference to incarceration.  (*Ibid.,* citing *People v. Ramos* (2004) 34 Cal.4th 494, 506; *People v. Bravo* (1987) 43 Cal.3d 600, 609.)  "If a defendant believes the conditions of probation are more onerous than the potential sentence, he or she may refuse probation and choose to serve the sentence."  (*People v. Olguin, supra,* 45 Cal.4th at p. 379.)

Generally, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted; (2) relates to conduct that

5

is not in itself criminal; and (3) requires or forbids conduct that is not reasonably related to future criminality. . . . ' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486.) If a "probation condition serves the statutory purpose of 'reformation and rehabilitation of the probationer' [citation], it necessarily follows that such a condition is 'reasonably related to future criminality'" within the meaning of the *Lent* test for validity. [Citation.] (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65.)

We acknowledge that historically, there have been cases in which search conditions have been struck down as unreasonable. (See, *People v. Keller* (1978) 76 Cal.App.3d 827, 840 [search condition imposed for petty theft with prior; disapproved on a different point by *People v. Welch* (1993) 5 Cal.4th 228, 237]; see also, *People v. Burton* (1981) 117 Cal.App.3d 382, 390-391.) However, more recent cases have acknowledged that warrantless search conditions serve a valid rehabilitative purpose. (*People v. Balestra, supra,* 76 Cal.App.4th at p. 67.) In *Balestra, supra,* Division One of the Fourth District Court of Appeal observed that the decision in *People v. Keller, supra,* was inconsistent with Fourth Amendment jurisprudence since the date of that decision. (*Balestra, supra,* 76 Cal.App.4th at p. 67.)

We agree with that assessment. A warrantless search condition is intended and enables a probation officer to both ascertain whether the defendant is complying with the terms of probation as well as to determine if defendant is not in compliance. (*People v. Adams* (1990) 224 Cal.App.3d 705, 712, citing *People v. Mason* (1971) 5 Cal.3d 759, 763-764, overruled on other grounds in *People v. Lent, supra,* 15 Cal.3d at p. 486, fn. 1.)

Information obtained under these circumstances afford a valuable measure of the effectiveness of the supervision given the defendant and his rehabilitation. (*People v. Mason, supra,* 5 Cal.3d at pp. 763-764, citing *People v. Kern* (1968) 264 Cal.App.2d 962, 965.) Such conditions are valid. (*People v. Bauer* (1989) 211 Cal.App.3d 937, 943.)

Counsel may well have reasonably concluded that an objection to the warrantless search condition would have been futile. (See *People v. Foster* (1993) 14 Cal.App.4th 939, 954 [superseded by statute on a different point].) Given its utility, it cannot be said that the search condition would have been stricken upon a timely objection by defense counsel. Search conditions are so common that they are included in the standard probation orders submitted by probation officers in recommending probation to the court. In other words, even if counsel had objected, it is unlikely the condition would have been stricken. As such, any oversight or failure by counsel cannot be said to have caused prejudice.

2.  *Imposition of the $300 Restitution Fine, At Defendant's Request, Was Proper.*

Defendant argues that the imposition of a minimum restitution fine in the amount of $300 violated the ex post facto clauses of the State and Federal Constitutions, because the minimum was only $200 at the time defendant committed the offense. We disagree.

In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record (Pen. Code, § 1202.4,

7

subd. (b)).  The restitution fine shall be set at the discretion of the court and be commensurate with the seriousness of the offense (Pen. Code, § 1202.4, subd. (b)(1)).  Prior to January 1, 2012, the statutory minimum restitution fine was $200, but the court was authorized to impose a restitution fine in an amount up to $10,000 (Stats. 2011, ch. 45, § 1; Pen. Code, § 1202.4, subd. (b)(1)).  The restitution fine was therefore lawful, albeit not the absolute minimum possible restitution fine possible at the time defendant committed the offense.

Defendant relies on the facts that counsel requested imposition of the minimum restitution fine and that the court indicated it would follow that request as a reason to modify the amount imposed.  However, counsel expressly requested a $300 restitution fine and the court so ordered.  Because the fines were lawful under current law and the law in effect in January 2011, defendant's failure to object below to the court's exercise of its discretion in setting the amount of the fines has forfeited the contention on appeal. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [when fines imposed by court are permitted by law, the defendant's failure to object below forfeits challenge on appeal].)

Because defense counsel requested imposition of the very amount ordered, which was at the low end of possible restitution fines, we cannot find that the court abused its discretion.  Perhaps to overcome this obstacle, defendant frames the issue as one of constitutional dimension, in arguing that the amount imposed violates ex post facto principles.  "[T]he imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions.

8

[Citations.]" (*People v. Souza* (2012) 54 Cal.4th 90, 143; see also, *People v. Morris* (2015) 242 Cal.App.4th 94, 102.)

The ex post facto "clause prohibits three legislative categories: legislation '"(1) which punishes as a crime an act previously committed, which was innocent when done; (2) which makes more burdensome the punishment for a crime, after its commission, or (3) which deprives one charged with crime of any defense available according to law at the time when the act was committed.'" [Citations.]" (*People v. McVickers* (1992) 4 Cal.4th 81, 84.)

Although the amended provisions of Penal Code section 1202.4, subdivision (b), did increase the statutory minimum restitution fine from $200 to $300, the trial court nonetheless has always had the discretion to impose a $300 restitution fine—or more, up to a statutory maximum of $10,000. The court imposed the specific amount suggested by defendant, an amount it had discretion to impose. Defendant's failure to object to the amount imposed at the time of sentencing results in forfeiture. (*People v. Tillman* (2000) 22 Cal.4th 300, 302-303 [prosecutor's failure to object to court's failure to state reasons for non-imposition of restitution fine forfeited error]; *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189.)

There was no error.

3.      *The Surcharge on the Restitution Fine Was Properly Imposed.*

Defendant argues that the trial court erred in imposing a $30 surcharge on the restitution fine because the amount was not mentioned during the oral pronouncement of judgment.  We disagree.

Penal Code section 1202.4, subdivision (*l*), authorizes a sentencing court to order the payment of a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine.  The fee is imposed on any "restitution fine" ordered pursuant to Penal Code section 1202.4, subdivision (b).  (*People v. Robertson* (2009) 174 Cal.App.4th 206, 210.)

It has traditionally been held that the trial court's oral pronouncement is presumed correct (*People v. Mesa* (1975) 14 Cal.3d 466, 471).  "[T]he modern rule is not automatic deference to the reporter's transcript, but rather adoption of the transcript due more credence under all the surrounding circumstances."  (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586.)  When the record is in conflict, it will be harmonized if possible. (*People v. Smith* (1983) 33 Cal.3d 596, 599 (*Smith*).)

However, where that is not possible, that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence.  (*Smith*, *supra*, 33 Cal.3d at p. 599.)  Thus, "'whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the

10

circumstances of each particular case.' [Citations.]" (*Ibid.*; see also, *People v. Freitas* (2009) 179 Cal.App.4th 747, 750, fn. 2 (*Freitas*).)

In *Freitas,* the reviewing court held that the reporter's transcript governed because it was more inclusive than the clerk's transcript insofar as the court orally added language to the probation condition prohibiting defendant from owning, possessing or "hav[ing] custody or" control of any firearms or ammunition. (*Freitas, supra*, 179 Cal.App.4th at p. 750, fn. 2.)

In the present case, the court omitted to recite a portion of one of the conditions, after acquiescing in defense counsel's request to impose a lesser restitution fine. Specifically, referring to the proposed probation order, defense counsel stated, "As to the terms, your Honor, I would object to Term 13 on page 9, Term 15 on page 10, and I would ask the Court to set all fines and fees at the statutory minimum. Particularly, Term 19 on page 10, I would ask the Court to set that at $300, and I would submit."

With probation conditions, some courts have subscribed to the view that probation conditions "'need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order.'" (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346, quoting *People v. Thrash* (1978) 80 Cal.App.3d 898, 901–902.)

Nevertheless, it is obvious from the reporter's transcript that the trial court and all parties were working from the same proposed probation order which apprised defendant

11

and his counsel of the administrative fee, or surcharge. The court indicated it had discussed the matter with both counsel prior to going on the record.

At the hearing, the parties referred to the proposed probation order by page number and condition number, and defendant sought modification of certain terms contained in the proposed order. Condition No. 19 expressly referred to the 10 percent administrative fee in addition to the restitution. Defendant did not object to the term requiring payment of the surcharge or administrative fee, and he accepted probation on the terms ordered by the court, as modified.

Reading the reporter's transcript and the clerk's transcript together, the trial court's failure to mention the administrative fee orally cannot be construed as an intent to strike it, where all parties and the court contemplated an order consistent with the terms contained in the proposed probation order, subject to the modifications made at counsel's request. The inclusion of the administrative fee was proper despite the fact the court did not orally recite it.

4. *The Probation Condition Prohibiting Possession of Materials for Making Explosive Devices Should Be Modified.*

Defendant argues that the probation condition prohibiting him from possessing or having under his control materials to make explosive devices is unconstitutionally vague. We agree.

Probation condition number 11 compels defendant to "Neither possess nor have under your control any dangerous or deadly weapons or explosive devices or materials to

12

make explosive devices." We review whether a probation condition is unconstitutionally vague using the de novo standard of review. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

The underpinning of a vagueness challenge is the due process concept of "fair warning." (*People v. Castenada* (2000) 23 Cal.4th 743, 751.) The rule of fair warning embodies the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders. (*Ibid.*) To withstand a challenge of vagueness, a probation condition must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Id.* at p. 890.)

The People argue that the condition of probation is reasonably specific because it prohibits possession or having under defendant's control "materials *to make* explosive devices," which prohibits him from possessing materials with which he intends to make explosive devices. However, a scienter requirement is not so easily implied where a defendant may knowingly but innocently possess common items that could be used to construct explosive devices without any intention of making an explosive device. In addition to generic tools that could be used for making explosive devices, as described in defendant's brief, certain household cleaning agents and products may be combined with

13

explosive results, wittingly or unwittingly.  Thus, a probationer could knowingly, but innocently, possess materials that could be used to make explosive devices.

In several unpublished opinions we have concluded that the language in question is not so clear.  Therefore, the condition should be modified to read, "Neither knowingly possess, nor knowingly have under your control, any dangerous or deadly weapons or explosive devices or materials to make explosive devices, where the materials are possessed with the intent to make explosive devices."

**DISPOSITION**

Probation condition No. 11 should be modified as follows:  "Neither knowingly possess, nor knowingly have under your control, any dangerous or deadly weapons or explosive devices or materials to make explosive devices, where the materials are possessed with the intent to make explosive devices."  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

McKINSTER
J.

14